1  HAROLD P. GEWERTER, ESQ.
   Nevada Bar No. 499
2  HAROLD P. GEWERTER, ESQ., LTD.
3  1212 So. Casino Center Blvd.
   Las Vegas Nevada 89104
4  Telephone: (702) 382-1714
   Email: harold@gewerterlaw.com
5  *Attorney for Plaintiff*
   *Smita Maity*
6

7                    UNITED STATES DISTRICT COURT
8
9                        DISTRICT OF NEVADA

10
   SMITA MAITY, as trustee of the MAITY          Case No.:
11 MEDICAL ASSOCIATES DEFINED
   BENEFIT PLAN,
12
13              Plaintiff,                        **VERIFIED COMPLAINT**

14 vs.
                                                  **1) Breach of Contract;**
15 CALANT CAPITAL, LLC, an Nevada limited         **2) Breach of the Covenant of Good Faith**
   liability company; FIRST CONSOLIDATED          **and Fair Dealing;**
16 INVESTMENT MANAGEMENT, INC., a                 **3) Fraudulent or Intentional**
   Nevada corporation, d/b/a ELYSIEN              **Misrepresentation;**
17 PRIVATE WEALTH; ANTHONY                        **4) Constructive Fraud;**
   DEPASQUALE, an individual; DAVEY               **5) Conversion;**
18 INSURANCE MARKETING, INC., a                   **6) Securities Fraud NRS §§ 90.570, 90.660;**
19 California corporation, d/b/a  PACE TPA;        **Rule 10(k)**
   RICHARD CROMWICK, an individual;               **7) Constructive Trust; and**
20                                                **8) Violation of 29 U.S.C. § 1001 *et seq.***
                                                  **(ERISA).**
21
22              Defendants.
                                                  **JURY DEMAND**
23
24
25

26        COMES NOW, Plaintiff, SMITA MAITY, as trustee of the MAITY MEDICAL
27
   ASSOCIATES DEFINED BENEFIT PLAN (hereinafter "Plaintiff"), by and through her
28

                                      1

Counsel HAROLD P. GEWERTER, ESQ. of HAROLD P. GEWERTER, ESQ, LTD, and for her Complaint against the Defendants, and each of them, alleges and avers as follows:

## JURISDICTION AND VENUE

1.      This action is brought pursuant to 29 U.S.C. § 1001 et seq.  Jurisdiction is based upon the "Employment Retirement Security Act of 1974," as amended, (ERISA) and the aforementioned statutory provisions. The court further has jurisdiction pursuant to Section 10(b) of the Securities Act of 1933 and Rule 10(b)(5) as promulgated by the Securities and Exchange Commission (SEC).  This Court has supplemental jurisdiction over any state law claims pled herein pursuant to 28 U.S.C. §1367.

2.      All material allegations relative to the named defendants contained in this Complaint are believed to have occurred in the State of Nevada, Clark County.  Therefore, venue properly lies in the southern division of the United States Court for the District of Nevada pursuant to 28 U.S.C. §1391(b)(2).

## PARTIES

3.      Plaintiff, Smita Maity is and was at all times material to this action an individual residing in the State of Nevada.

4.      That at all times pertinent hereto, Plaintiff Maity was the trustee of the Maity Medical Associates Defined Benefit Plan.

5.      That the Maity Medical Associates Defined Benefit Plan is a retirement plan established pursuant to and governed by ERISA.

6.      Defendant, Calant Capital LLC, is a Nevada limited liability company was at all times material to this action doing business in Clark County, Nevada as an owner of and/or an investor in certain businesses in Nevada.

2

7.     Defendant, First Consolidated Investment Management, Inc. is a Nevada Corporation which at all times material to this action was doing business in Clark County, Nevada as Elysien Private Wealth.

8.     That First Consolidated Investment Management Inc. d/b/a Elysien Private Wealth is and was at all times pertinent hereto a business which offered investment management services.

9.     Defendant, Anthony Depasquale, is and was at all times material to this action the Managing Member of Defendant Calant Capital, LLC.

10.     That upon information and belief, Defendant Anthony Depasquale is and was at all times pertinent hereto the owner and de facto principle operator of Defendant First Consolidated Investment Management Inc. d/b/a Elysien Private Wealth.

11.     That pursuant to the records of the Nevada Secretary of State, the officers of Defendant First Consolidated Investment Management Inc. are: Defendant Anthony Depasquale, Secretary; Anthony Depasquale, III, President; and Linne Depasquale, Director.

12.     That Plaintiff reserves the right to amend the instant Complaint to include Anthony Depasquale, III and Linne Depasquale as Defendants hereto as participants in the fraudulent scheme described *infra*.

13.     That Defendant, Davey Insurance Marketing, Inc., is a California corporation illegally doing business in the State of Nevada.

14.     That Defendant Davey Insurance Marketing Inc. is and was at all times material to this action doing business in Clark County, Nevada as "PACE TPA" and/or "PACETPA."

3

15.     That Defendant Davey Insurance Marketing, Inc. d/b/a PACE TPA is in the business of offering financial services including, but not limited to, defined benefit pension plans, 401(k) plans, profit sharing plans, and administration services.

16.     That Defendant, Richard Cromwick, is and was at all times pertinent hereto a pension plan specialist employed by Defendant Davey Insurance Marketing, Inc. d/b/a PACE TPA.

17.     That Defendant Richard Cromwick was at all times pertinent hereto acting in his capacity as a pension plan specialist in furtherance of his employment with Defendant Davey Insurance Marketing, Inc. d/b/a PACE TPA.

## GENERAL ALLEGATIONS

18.     That Plaintiff is a medical doctor practicing in Las Vegas, Nevada and owner of Maity Medical Associates, Inc. ("Maity Medical").

19.     That on or about 2014, Maity Medical and Plaintiff opened a defined benefit plan with Defendant Davey Insurance Marketing, Inc. d/b/a PACE TPA.

20.     That said plan established the Maity Medical Associates Defined Benefit Plan, of which Plaintiff was the trustee and sole beneficiary.

21.     That Defendant Cromwick was the plan administrator of the Maity Medical Associates Defined Benefit Plan on behalf of Defendant Davey Insurance Marketing, Inc. d/b/a PACE TPA and pursuant to his employment therewith.

22.     That knowing the amount of assets held in the Maity Medical Associates Defined Benefit Plan, on or about 2015 Defendant Cromwick discussed said assets with Defendant Depasquale.

4

23.     That thereafter, all Defendants conspired to fraudulently convert the assets held by the Maity Medical Associates Defined Benefit Plan in violation of ERISA and Nevada state and federal securities laws.

24.     That on June 12, 2015, Defendant Cromwick sent Plaintiff an email stating as follows:

> I met with Tony DePasquale who is vice president at Bank of New York Mellon last week and your name came up in conversation. Tony asked me if I would be willing to introduce the two of you.
>
> In addition, we need to do an annual plan review. I would like to do [sic] set up a meeting and Tony mentioned he would buy lunch if you are open to meeting with us.
>
> I have known Tony for a long time, and he specializes in assessing risk inside of investment portfolios. What time in the next couple of weeks might work for you?

25.     That over the course of the next two (2) years, Defendants Cromwick and Depasquale pressured Plaintiff into improperly investing the assets held by the Maity Medical Associates Defined Benefit Plan into Depasquale's various business ventures.

26.     That on or about 2017, the Maity Medical Associates Defined Benefit Plan held cash and/or other assets valued at approximately SEVEN HUNDRED FIFTY THOUSAND DOLLARS ($750,000.00).

27.     That on or about the fall of 2017, Defendants Cromwick and Depasquale persuaded Plaintiff to invest and loan the entirety of the assets held by the Maity Medical Associates Defined Benefit Plan into Defendant Calant Capital, LLC and/or Defendant First

Consolidated Investment Management Inc. d/b/a Elysien Private Wealth so that Depasquale could open a Big Whiskey's American Restaurant & Bar franchise in Las Vegas, Nevada at Town Square.

28.     That Plaintiff at all times relied upon the advice of all Defendants.

29.     That Defendants used deceit, fraud, bait-and-switch, lies, and other untoward tactics to induce Plaintiff to re-invest the assets held by the Maity Medical Associates Defined Benefit Plan.

30.     That Defendants induced Plaintiff to believe that the Maity Medical Associates Defined Benefit Plan would be an investor/owner of Depasquale's Big Whiskey's American Restaurant & Bar franchise.

31.     That Defendants knowingly, falsely and fraudulently promised Plaintiff that the assets then-held by the Maity Medical Associates Defined Benefit Plan (approximately $750,000.00 in 2017) would almost double in value by December of 2032 if Plaintiff would invest the Plan's assets into the Big Whiskey scheme.

32.     That Defendants Richard Cromwick and Davey Insurance Marketing, Inc. d/b/a PACE TPA drafted a document entitled "Maity Medical Associates, Inc. Consent Action of the Directors" which authorized Plaintiff to convey the money held by the Maity Medical Associates Defined Benefit Plan per Defendants' scheme.

33.     That the bottom of said "Maity Medical Associates, Inc. Consent Action of the Directors" contained the footnote "Copyright 2002-2013 PACE TPA."

34.     That on December 8, 2017, Defendants Richard Cromwick and Davey Insurance Marketing, Inc. d/b/a PACE TPA obtained Plaintiff's signature on the "Maity Medical Associates, Inc. Consent Action of the Directors."

6

35.     That on December 8, 2017, Defendants obtained Plaintiff's signature on a "Loan Agreement" for the sum of $750,000.00.

36.     That said "Loan Agreement" was by and between Defendant Calant Capital, LLC ("Borrower") and Maity Medical Associates Defined Benefit Plan ("Lender").

37.     That said "Loan Agreement" specifically stated that the loan was related "to a Big Whiskey's American Restaurant & Bar franchise."

38.     That also on December 8, 2017, Defendant Calant Capital, LLC executed a Promissory Note in favor of Maity Medical Associates Defined Benefit Plan for $750,000.00 plus interest in the amount of $10% over fifteen (15) years.

39.     That pursuant to the agreements/notes, Defendant Calant Capital, LLC, would repay the loan by making monthly payments to Maity Medical Associates Defined Benefit Plan's Schwab One Trust Account.

40.     That on December 11, 2017, Defendants induced Plaintiff to sign an "Investment Management Agreement" by and between Plaintiff and Defendant First Consolidated Investment Management Inc. d/b/a Elysien Private Wealth.

41.     That said "Investment Management Agreement" was signed by Defendant Depasquale on behalf of Defendant First Consolidated Investment Management Inc. d/b/a Elysien Private Wealth.

42.     That said "Investment Management Agreement" granted Defendant Depasquale the title of "Manager" over the Maity Medical Associates Defined Benefit Plan and its assets.

43.     That on December 15, 2017, Defendant Depasquale sent Plaintiff the following email:

I just wanted to follow up with you.  I spoke with Rich [Defendant Richard Cromwick], and we can open a 401(k) plan for you, but the plan would have to be established prior to the end of the year.  We can contribute an additional $51,000 of tax deductible investments per year (I am verifying the amounts with Rich) into this aspect of the plan.

44.    That on or about March of 2018, Defendant Calant Capital, LLC began making monthly loan payments to Maity Medical Associates Defined Benefit Plan's Schwab One Trust Account.

45.    That on or about March of 2019, Defendants opened their Big Whiskey's American Restaurant & Bar franchise.

46.    That on or about August of 2019, Defendants' Big Whiskey's American Restaurant & Bar franchise closed.

47.    That Defendant Calant Capital, LLC did not make its monthly loan payment to Maity Medical Associates Defined Benefit Plan.

48.    That pursuant to the Loan Agreement, Plaintiff notified Defendants Calant Capital, LLC and Anthony Depasquale that Calant was in default of the loan and that she was calling the entire loan due immediately.

49.    That after closing the Big Whiskey's American Restaurant & Bar franchise, Defendants then opened a Farmtable Kitchen + Spirits restaurant in the same location in November of 2019.

50.    That on December 28, 2019, Defendant Depasquale attempted to change the terms of the 2017 Loan Agreement and Promissory Note by sending correspondence to Plaintiff which stated:

8

This letter is an outline to repay the note for Calant Capital LLC.  As of January 2020, you will begin to receive monthly payments again on an ongoing basis, since we have re-opened and continued operations.  By July of 2020, I will have a structured repayment take out your debt portion of the endeavor.  I will keep you posted on if that will be through another investor coming in and refinancing the debt or if it will be an increase in payments to take out your debt early.

51.     Plaintiff did not accept these altered instruments and loan terms, as Defendants were already in default of the loan and its obligations and it had been called due.

52.     That Defendants have failed and refused to repay the loan or make any payments towards the amount owed. The loan investment documents, originally and as altered, were not a viable investment for the benefit of Plaintiff as Defendants never could have or intended to repay Plaintiff.  The actions of Defendants, and each of them, were relied upon by Plaintiff and constitute fraud, deception, breach of contract, securities fraud and other violations as set forth in this Complaint.

**FIRST CAUSE OF ACTION**
**BREACH OF CONTRACT**
**AGAINST ALL DEFENDANTS**

53.     Plaintiff repeats and realleges paragraphs 1 through 52 and incorporates them by reference as though fully set forth herein.

54.     That there exists valid and enforceable contracts between Plaintiff and the Defendants, as set forth above.

55.     That a breach of said contracts has occurred on the part of the Defendants, as set forth above.

56.     That Plaintiff has suffered damages as a result of said breaches of contract in an amount to be determined at trial.

57.     That as a result of Defendants' actions, Plaintiff has been required to retain the services of an attorney to prosecute this action and, therefore, are entitled to an award of reasonable attorney's fees and costs incurred herein.

**SECOND CAUSE OF ACTION**
**BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING**
**AGAINST ALL DEFENDANTS**

58.     Plaintiff repeats and realleges paragraphs 1 through 57 and incorporates them by reference as though fully set forth herein.

59.     Plaintiff entered into valid and existing contracts with Defendants, as set forth above.

60.     Each and every contract in Nevada incorporates an implied covenant of good faith and fair dealing.

61.     In the contracts averred herein, Defendants owed to Plaintiff a duty of good faith and fair dealing.

62.     Defendants breached their duty to Plaintiff by performing in a manner that was unfaithful to the purpose of the contracts.

63.     As a consequence of Defendants' conduct, Plaintiff's justified expectations were denied, and Plaintiff has sustained damages thereby in an amount to be proven at trial.

64.     That as a result of Defendants' actions, Plaintiff has been required to retain the services of an attorney to prosecute this action and, therefore, are entitled to an award of reasonable attorney's fees and costs incurred herein.

**THIRD CAUSE OF ACTION**
**FRAUDULENT OR INTENTIONAL MISREPRESENTATION**
**AGAINST ALL DEFENDANTS**

65.     Plaintiff repeats and realleges paragraphs 1 through 64 and incorporates them by reference as though fully set forth herein.

66.     Defendants made numerous false representations to Plaintiff, as set forth above.

67.     Said representations to Plaintiff were made with knowledge or belief that the representations were false or without a sufficient basis for making the representations.

68.     Defendants intended to induce Plaintiff to act or refrain from acting based on the representations.

69.     Plaintiff justifiably relied on said representations.

70.     Plaintiff was damaged as a result of her justifiable reliance in an amount to be determined at trial.

71.     That as a result of Defendants' actions, Plaintiff has been required to retain the services of an attorney to prosecute this action and, therefore, are entitled to an award of reasonable attorney's fees and costs incurred herein.

**FOURTH CAUSE OF ACTION**
**CONSTRUCTIVE FRAUD**
**AGAINST ALL DEFENDANTS**

72.     Plaintiff repeats and realleges paragraphs 1 through 71 and incorporates them by reference as though fully set forth herein.

73.     Under Nevada law, a confidential relationship exists where one reposes special confidence in another so that the latter, in equity and good conscience, is bound to act in good faith and with due regard to the interests of the former.

11

74.     That Defendants owed an equitable duty to Plaintiffs arising from a confidential and fiduciary relationship when Plaintiff turned over her valuable business and control of her fortune to Defendants based on the Defendants' representations that Plaintiffs would receive substantial financial benefits.

75.     That Defendants breached that duty by misrepresenting material facts relating to the outcome and effects of Plaintiff's agreement to their investment scheme.

76.     That Defendants further breached their duty by concealing material facts relating to the outcome and effects of their fraudulent investment scheme.

77.     That as a result of Defendants' fraud, Plaintiff sustained damages in an amount to be proven at trial.

78.     That as a result of Defendants' actions, Plaintiff has been required to retain the services of an attorney to prosecute this action and, therefore, are entitled to an award of reasonable attorney's fees and costs incurred herein.

**FIFTH CAUSE OF ACTION**
**CONVERSION**
**AGAINST ALL DEFENDANTS**

79.     Plaintiff repeats and realleges paragraphs 1 through 79 and incorporates them by reference as though fully set forth herein.

80.     That Defendants exercised numerous distinct acts of dominion wrongfully exerted over Plaintiff's personal property, as set forth above.

81.     That said acts of dominion were in denial of, or inconsistent with her rights in said property.

82.     That said wrongful dominion by Defendants were in derogation, exclusion, or defiance of Plaintiff's title or rights.

83.     That as a result of Defendants' actions, Plaintiff has been required to retain the services of an attorney to prosecute this action and, therefore, are entitled to an award of reasonable attorney's fees and costs incurred herein.

## SIXTH CAUSE OF ACTION
### SECURITIES FRAUD – NRS §§ 90.570 and 90.660 and SECTION 10(b) OF THE SECURITES ACT OF 1933 and RULE 10(b)-5 as PROMULGATED THEREUNDER AGAINST ALL DEFENDANTS

84.     Plaintiff repeats and realleges paragraphs 1 through 83 and incorporates them by reference as though fully set forth herein.

85.     Section 90.570, Subsection 2 of the Nevada Revised Statutes makes it unlawful for a person to make an untrue statement of a material fact or omit to state a material fact necessary in order to make the statements made not misleading in the light of the circumstances under which they are made. Section 90.660 of the Nevada Revised Statutes provides, in part, that a person who offers or sells a security in violation of Subsection 2 of Section 90.570 is liable to the person purchasing the security.

86.     A violation of Section 10(b) of the Securities Act and Rule 10(b)-5 as promulgated by the SEC provides that it is fraud to make a false and misleading statement in connection with "the purchase or sale" of a security.

87.     As detailed in the General Allegations *supra*, Defendants, in order to induce Plaintiff to enter into a various agreements, made untrue statements of material fact and omitted to state material facts necessary in order to make the statements made not misleading in the light of the circumstances under which they were made, including without limitation those statements and omissions enumerated in this Complaint.

88.     That said agreements and loan documents constitute a security under Nevada state law and federal law and are a sale of securities to Plaintiff.

89. The actions of Defendants operated as a fraud or deceit upon Plaintiff.

90. As a result of Defendants' actions and omissions, Plaintiff has sustained damages in an amount to be proven at trial.

91. That as a result of Defendants' actions, Plaintiff has been required to retain the services of an attorney to prosecute this action and, therefore, are entitled to an award of reasonable attorney's fees and costs incurred herein.

## SEVENTH CAUSE OF ACTION
## CONSTRUCTIVE TRUST
## AGAINST ALL DEFENDANTS

92. Plaintiff repeats and realleges paragraphs 1 through 91 and incorporates them by reference as though fully set forth herein.

93. That a confidential relationship exists between Plaintiff and all Defendants.

94. That the retention of legal title and control over the funds belonging to Maity Medical Associates Defined Benefit Plan by Defendants would be inequitable.

95. The existence of such a trust is essential to the effectuation of justice.

96. That as a result of Defendants' actions, Plaintiff has been required to retain the services of an attorney to prosecute this action and, therefore, are entitled to an award of reasonable attorney's fees and costs incurred herein.

## EIGHTH CAUSE OF ACTION
## VIOLATION OF 29 U.S.C. § 1001 *et seq.* (ERISA)
## AGAINST ALL DEFENDANTS

92. Plaintiff repeats and realleges paragraphs 1 through 91 and incorporates them by reference as though fully set forth herein.

93. That Defendants have denied Plaintiff her benefits under ERISA § 502(a)(1)(B).

14

94.     That Defendants are in breach of their fiduciary duties to Plaintiff under ERISA § 502(a).

95.     That Defendants have knowingly participated in a scheme which denies Plaintiff her rights under ERISA § 502(a)(3).

96.     As a result of Defendants' actions and omissions, Plaintiff has sustained damages in an amount to be proven at trial.

97.     That as a result of Defendants' actions, Plaintiff has been required to retain the services of an attorney to prosecute this action and, therefore, are entitled to an award of reasonable attorney's fees and costs incurred herein.

**WHEREFORE**, Plaintiff prays for relief against Defendants, each of them, as follows:

## ON ALL CAUSES OF ACTION

1.     For compensatory damages in the principal amount in excess of One Million Dollars ($1,000,000.00) to be proven at trial;

2.     For punitive damages in the principal amount in excess of One Million Dollars ($1,000,000.00) to be proven at trial;

3.     For special damages in the principal amount in excess of One Million Dollars ($1,000,000.00)to be proven at trial;

4.     For a Constrictive Trust over all funds and assets emanating from Plaintiff, no matter how titled or held.

5.     For attorney's fees and costs incurred;

6.     For all damages in an amount to be proved at trial;

7.     For costs of suit herein incurred;

8.     For reasonable interest on amounts due; and

9.     For any such other and further relief as this Court deems just and proper.

Dated this 20 day of April, 2020.

HAROLD P. GEWERTER, ESQ., LTD.

HAROLD P. GEWERTER, ESQ.
Nevada Bar No. 499
1212 So. Casino Center Blvd.
Las Vegas Nevada 89104
Telephone: (702) 382-1714
Email: harold@gewerterlaw.com
*Attorney for Plaintiff*
*Smita Maity*

## DEMAND FOR JURY TRIAL

Plaintiff, hereby demands a Trial by Jury in the above-entitled matter.

DATED this 20th day of April, 2020.

HAROLD P. GEWERTER, ESQ., LTD.

HAROLD P. GEWERTER, ESQ.
Nevada Bar No. 499
1212 So. Casino Center Blvd.
Las Vegas Nevada 89104
Telephone: (702) 382-1714
Email: harold@gewerterlaw.com
*Attorney for Plaintiff*
*Smita Maity*

## VERIFICATION

I, Smita Maity, verify under penalty of perjury that I have read the above Complaint and its contents. I also verify that, to the best of my knowledge and recollection, the matters stated in the Complaint are true and correct.

Smita Maity
Plaintiff